Michael R. CRAIG, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 91A05–0708–CR–429.

Court of Appeals of Indiana.

April 1, 2008.

Steven Knecht, Vonderheide & Knecht, P.C., Lafayette, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Ian McLean, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BARNES, Judge.

### Case Summary

Michael Craig appeals his conviction and sentence for Class B felony possession of a firearm by a serious violent felon and an habitual offender enhancement. We affirm in part, reverse in part, and remand.

### Issues

Craig raises three issues, which we reorder and restate as:

I.   whether the trial court abused its discretion in denying his motion to withdraw his guilty plea;

II.  whether there is sufficient evidence to support his conviction for possession of a firearm by a serious violent felon; and

III. whether he was properly sentenced.

### Facts

On October 2, 2006, deputies with the White County Sheriff's Department executed a search warrant for a home in Reynolds. Craig and his estranged wife were in the process of moving out of the house. Craig was present at the time, but he hid in the bushes and eventually fled from the police.

During the search of the house, Scott Brown, a crime scene investigator with the Indiana State Police, picked up a brown leather jacket. A .22 caliber revolver in a holster fell out of the jacket pocket.

On October 13, 2006, the United States Marshal's Service apprehended Craig near Monticello. On October 19, 2006, the State charged Craig with Class B felony possession of a firearm by a serious violent felon and Class D felony residential entry. On March 7, 2007, the State amended the information to include an habitual offender enhancement. The serious violent felon

status and habitual offender enhancement were based on the same 1981 felony murder conviction.

On June 5, 2007, a jury trial on the firearm charge began. On June 6, 2007, the jury found Craig guilty of Class B felony possession of a firearm by a serious violent felon. That same day, Craig pled guilty to being an habitual offender without the benefit of any express agreement from the State. Sentencing was set for July 3, 2007.

On June 21, 2007, our supreme court handed down an opinion holding that the same offense cannot be a basis for one's serious violent felon status and an habitual offender enhancement. The next day, Craig filed an unverified "motion to reject guilty plea or in alternative motion to withdraw guilty plea." App. p. 28. On July 3, 2007, immediately prior to Craig's sentencing hearing, the trial court held a hearing on Craig's motion. The trial court denied Craig's motion, accepted his guilty plea, and entered a "judgment of conviction" as to the habitual offender enhancement. *Id.* at 33.

The trial court sentenced Craig to twenty years on the possession of a firearm by a serious violent felon conviction and enhanced the sentence by an additional fifteen years based on the habitual offender status. Craig now appeals.

### Analysis

#### I. *Motion to Withdraw Guilty Plea*

Craig argues that, based on the new case law, the trial court should have allowed him to withdraw his guilty plea. The State asserts that this issue is waived because Craig's motion to withdraw his plea was not verified as required by Indiana Code Section 35–35–1–4(b). As Craig points out, however, the State did not raise this issue before the trial court

and should not be permitted to raise it for the first time on appeal.

"It is well settled that Indiana's appellate courts look with disfavor upon issues that are raised by a party for the first time on appeal or in original actions without first raising the issue at first opportunity in the trial court." *Byrd v. State,* 592 N.E.2d 690, 691 (Ind.1992). "When the State is a party to a state court proceeding, it, like all parties, must comply with the rules then governing, and its actions, like those of all parties, are subject to scrutiny under principles of waiver and estoppel." *Id.* at 692. Craig filed his motion more than ten days before the hearing and, during the hearing on Craig's motion, the parties addressed the issue on the merits and the State remained silent regarding the verification issue. The State may not challenge the lack of verification for the first time on appeal.

As to the merits of Craig's claim, Indiana Code Section 35–35–1–4(b) governs the withdrawal of guilty pleas prior to sentencing and provides:

> After entry of a plea of guilty, or guilty but mentally ill at the time of the crime, but before imposition of sentence, the court may allow the defendant by motion to withdraw his plea of guilty, or guilty but mentally ill at the time of the crime, for any fair and just reason unless the state has been substantially prejudiced by reliance upon the defendant's plea. The motion to withdraw the plea of guilty or guilty but mentally ill at the time of the crime made under this subsection shall be in writing and verified. The motion shall state facts in support of the relief demanded, and the state may file counter-affidavits in opposition to the motion. The ruling of the court on the motion shall be reviewable on appeal only for an abuse of discretion. However, the court shall allow the

defendant to withdraw his plea of guilty, or guilty but mentally ill at the time of the crime, whenever the defendant proves that withdrawal of the plea is necessary to correct a manifest injustice. Under this statute, a trial court is required to grant such a request:

> only if the defendant proves that withdrawal of the plea "is necessary to correct a manifest injustice." The court must *deny* a motion to withdraw a guilty plea if the withdrawal would result in substantial prejudice to the State. Except under these polar circumstances, disposition of the petition is at the discretion of the trial court.
>
> "Manifest injustice" and "substantial prejudice" are necessarily imprecise standards, and an appellant seeking to overturn a trial court's decision has faced a high hurdle under the current statute and its predecessors. The trial court's ruling on a motion to withdraw a guilty plea arrives in this Court with a presumption in favor of the ruling.

*Weatherford v. State*, 697 N.E.2d 32, 34 (Ind.1998) (quoting *Coomer v. State*, 652 N.E.2d 60, 61–62 (Ind.1995) (citations omitted)) (emphasis in original). It is with this framework in mind that we address Craig's claim.

■ Craig argues that based on our supreme court's holding in *Mills v. State*, 868 N.E.2d 446 (Ind.2007), which was decided after he pled guilty but before he was sentenced, his felony murder conviction could not be used to support both his serious violent felon status and the habitual offender enhancement. Accordingly, he argues, the denial of his motion to withdraw his guilty plea resulted in a manifest injustice.

In *Mills*, our supreme held that, following a trial, "a defendant convicted of unlawful possession of a firearm by a serious violent felon may not have his or her sentence enhanced under the general habitual offender statute by proof of the same felony used to establish that the defendant was a 'serious violent felon.'" *Mills*, 868 N.E.2d at 452. However, our supreme court's analysis did not end there. Mills had pled guilty to the serious violent felon charge and to being an habitual offender in exchange for a sentence capped at twenty years. After pleading guilty but before he was sentenced, Mills moved to withdraw his guilty plea, and the trial court denied this motion. Mills did not raise the issue of the denial of his motion to withdraw his guilty plea on direct appeal; instead, he raised this issue in a petition for postconviction relief. Our supreme court held that Mills could not use post-conviction proceedings to raise a claim that should have been raised on direct appeal and that because the double enhancement was imposed pursuant to a plea agreement, such a claim would not have been successful. *Id.* at 452–53.

The parties do not dispute that *Mills* is applicable to this case. They do dispute, however, whether *Mills* entitles Craig to relief. Although both Mills and Craig faced possession of a firearm by a serious violent felon charges and habitual offender enhancements based on the same underlying offenses and both cases involved guilty pleas, Craig's case comes to us on direct appeal of the denial of his motion to withdraw his guilty plea. Moreover, Craig's double enhancement was not imposed pursuant to a beneficial plea agreement with the State.

Craig pled guilty to being an habitual offender without the benefit of a plea bargain in, as the State describes, "a unilateral bid for leniency." Appellee's Br. p. 12. The State makes much of the fact that, after Craig's plea was accepted, the Class D felony residential entry charge was dismissed and the trial court considered his

guilty plea as mitigating. This argument is simply a suggestion that the ends (the dismissal and the consideration of his guilty plea as mitigating) justified the means (the denial of his motion to withdraw his guilty plea). Based on Craig's guilty plea the State was not required to dismiss the residential entry charge nor was the trial court required to impose less than the maximum thirty-year habitual offender enhancement. Craig's pleading guilty in the *hope* of achieving a favorable outcome should not be equated with pleading guilty to achieve a favorable outcome. This is not a circumstance in which a defendant pled guilty to achieve a favorable outcome and as a result gave up a plethora of substantive claims and procedural rights. *See Lee v. State*, 816 N.E.2d 35, 40 (Ind.2004).

Further, the law changed after Craig pled guilty and before he was sentenced. Although the state of the law was in flux, prior to Craig pleading guilty, we had concluded that double enhancements were permitted. *See Mills*, 868 N.E.2d at 451 (citing *Townsend v. State*, 793 N.E.2d 1092, 1097 (Ind.Ct.App.2003), *trans. denied*). When our supreme court decided *Mills*, it changed the law. Under these limited circumstances, where the defendant pled guilty without the benefit of a plea bargain, timely filed a motion to withdraw his guilty plea, and challenged the denial of the motion on direct appeal, we conclude that denying a request to withdraw a guilty plea that was based on a change in the law resulted in a manifest injustice. Craig's guilty plea may not be used as the basis for an impermissible double enhancement. As such, the trial court improperly denied Craig's motion to withdraw his guilty plea and enhanced Craig's sentence.

## II. Sufficiency of the Evidence

■ Craig also claims that there is insufficient evidence to support his conviction for possession of a firearm by a serious violent felon. Upon a challenge to the sufficiency of evidence to support a conviction, we do not reweigh the evidence or judge the credibility of the witnesses, and we respect the jury's exclusive province to weigh conflicting evidence. *McHenry v. State*, 820 N.E.2d 124, 126 (Ind.2005). We must consider only the probative evidence and reasonable inferences supporting the verdict. *Id.* If the probative evidence and reasonable inferences drawn therefrom could have allowed a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt, we must affirm the conviction. *Id.*

■ "Actual possession of contraband occurs when a person has direct physical control over the item." *Gee v. State*, 810 N.E.2d 338, 340 (Ind.2004). After Craig was apprehended, he was Mirandized and interviewed by Brown, and the following discussion took place:

Brown  Well here's another truth, we'll see if you're going to tell the truth to us. Okay? Obviously we went through your house.

[Craig]  Mm-mmm.

Brown  That night. What did we find in there?

[Craig]  You probably found a pistol.

Brown  Tell me about that.

[Craig]  The pistol, it was a 22 I think it was.

Brown  Okay. What kind? Do you remember? Was it semi automatic? Revolver?

[Craig]  I think it was a revolver cause I only pulled it out of the holster once or twice.

Brown  Okay. Tell me about that.

[Craig] Just set it on the table. I don't know, I don't know how it came about, but I was to get rid of it.

\* \* \* \* \*

Brown Okay. Um why did you take it from him? Obviously you know you can't have guns. Right?

[Craig] But I said, I thought I could get rid of it.

Brown Okay. In what way?

[Craig] Sell it.

App. pp. 46, 48.

On appeal Craig points us to his subsequent repudiation of these statements. Such an argument, however, is nothing more than a request for us to reweigh the evidence. We may not do that. Based on Craig's statements to Brown, it is clear that, at one point, Craig had direct physical control over the handgun. This evidence is sufficient to establish that Craig possessed the firearm.[1]

### III. Sentence

■■■■ Craig argues that his twenty-year sentence for possession of a firearm by a serious violent felon is inappropriate in light of the nature of the offense and the character of the offender. *See* Ind. Appellate Rule 7(B).[2] Although Indiana Appellate Rule 7(B) *does not require us to be* "extremely" deferential to a trial court's sentencing decision, we still must give due consideration to that decision. *Rutherford v. State*, 866 N.E.2d 867, 873 (Ind.Ct.App. 2007). We also understand and recognize the unique perspective a trial court brings to its sentencing decisions. *Id.* "Addi-

tionally, a defendant bears the burden of persuading the appellate court that his or her sentence is inappropriate." *Id.* Craig has not met this burden.

Regarding the nature of the offense, as Craig suggests, the specific act of possession was not particularly "heinous." Appellant's Br. p. 25. Nevertheless, that fact that Craig fled from his home upon the arrival of the police to execute the search warrant and evaded them for ten days before he was apprehended by the United States Marshal's Service does not speak well for Craig's character. Additionally, Craig admitted to using cocaine after serving nearly twenty-five years in the Department of Correction and suggested that he was going to sell the firearm, which he suspected was stolen or "hot." App. p. 47. Thus, despite a lengthy imprisonment, Craig continued to disregard the law.

Craig's criminal history also warrants an enhancement of his sentence. Craig has a 1974 conviction for "entering to commit a felony" and a 1975 conviction for "second degree burglary." Pre–Sentence Investigation Report p. 21. Further, in 1981, Craig was convicted of Class A felony murder, for which he was imprisoned until 2005 and was on probation when he committed the present offense.

Craig directs us to his military service in Vietnam, his poor health, and his continued suffering from post-traumatic stress disorder as mitigating factors. Any mitigating weight these factors might warrant is slight in comparison to the aggravating factors. Craig's twenty-year sentence is not inappropriate.

---

1. Because the evidence is sufficient to show that Craig actually possessed the firearm, we need not determine whether he constructively possessed it.

2. Craig specifically does not challenge the sentence imposed for the habitual offender

enhancement. Regardless, because of our conclusion today that the habitual offender enhancement was improper, we limit our review to the appropriateness of the possession of a firearm by a serious violent felon.

## Conclusion

The trial court erroneously denied Craig's motion to withdraw his guilty plea because the double enhancement was improper based on *Mills*. There is sufficient evidence to support Craig's conviction for possession of a firearm by a serious violent felon. Craig's twenty-year sentence is not inappropriate. We affirm in part, reverse in part, and remand for the vacation of the habitual offender enhancement.

Affirmed in part, reversed in part, and remanded.

SHARPNACK, J., and VAIDIK, J., concur.