## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 11 2019, 8:47 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

John M. Haecker
Auburn, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Ian McLean
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Devin M. Reith, *Appellant-Defendant,* | March 11, 2019 |
| v. | Court of Appeals Case No. 18A-CR-2440 |
| | Appeal from the DeKalb Superior Court |
| State of Indiana, *Appellee-Plaintiff.* | The Honorable Monte L. Brown, Judge |
| | Trial Court Cause No. 17D02-1702-F5-14 |

**Tavitas, Judge.**

# Case Summary

[1] Devin M. Reith appeals the trial court's revocation of his probation and the imposition of his previously-suspended sentence. We affirm.

# Issues

[2] Reith raises a single issue on appeal, which we restate as follows:

> I. Whether the trial court abused its discretion when it revoked Reith's probation.
>
> II. Whether the trial court erred when it imposed Reith's previously-suspended sentence.

# Facts

[3] On February 22, 2017, Reith struck Evan Rehl in the head with a shovel and caused Rehl to suffer a deep laceration on the left side of his head. The incident occurred in DeKalb County. On February 22, 2017, the State charged Reith with battery, a Level 5 felony. On July 31, 2017, Reith pleaded guilty to one count of battery, a Level 5 felony. The plea agreement provided the following "additional, specific" terms: "As a term of probation, [Reith] must get counseling and apply for Recovery Works."[1] Appellant's App. Vol. II p. 31.

---

[1] According to the Family and Social Services Administration's website:

> Recovery Works focuses on pre-incarceration diversion services and post-incarceration re-entry services, which not only hopes to divert low-level offenders from incarceration to community services, but to reduce recidivism by 20%, as well. Promoting recovery through community support and treatment/intervention is critical in reducing the

[4] At Reith's guilty plea hearing, the trial court asked defense counsel, "[J]ust so I'm clear, what counseling is contemplated as a possibility?" Defense counsel responded, "[P]robation will probably look into that Judge, but, they, they may contemplate, um, an anger management class and/or, um, some substance abuse stuff. You know, that's, that's how we always end up in these sort of situations." Tr. Vol. II p. 12. The trial court then asked Reith, "[Do] you understand that [ ]?" *Id*. Reith responded, "Yes." *Id*. The trial court accepted the plea agreement.

[5] At Reith's sentencing hearing on August 28, 2017, counsel for the State argued that the attack on Rehl was "somewhat fueled if not largely fueled by a substance abuse issue[.]" *Id*. at 20. Defense counsel stated,

> . . . [Reith]'s had some subst-some substance abuse, uh, issues. Um, and substance abuse played a big part in what was going on this evening . . . . I think . . . the State may have hit the nail right on the head in that, uh, . . . it's time to get a handle of things, it's time to deal with the substance abuse, and [Reith] has his first child, uh, coming due in November and, uh, maybe that will also be, uh, a motivation for some maturity, um, into take, uh, this substance abuse, uh, counseling, maybe some, some of the other counseling as recommended seriously.

number of persons with mental health and addiction disorders that are entering our criminal justice system.

https://www.in.gov/fssa/dmha/2940.htm (last visited Feb. 26, 2019).

*Id*. at 21. The trial court sentenced Reith to five years in the Department of Correction, ordered 248 days to be executed in the Department of Correction, and suspended four years and 117 days to probation. The court gave Reith 186 actual days of accrued credit time and deemed the executed portion of Reith's sentence already served at sentencing. In releasing Reith to probation, the trial court stated: ". . .[T]here are formal rules of probation, it will include Recovery Works, that sort of thing. Um, Devin, again, I, I just can't stress enough the importance of towing [sic] the line. You're at the end of the line. Okay?" *Id*. at 25.

[6] The Rules of Probation entered as to Reith included the following: "You shall not possess, use, sell, distribute, or have in your control any controlled substances or synthetic drugs without a prescription"; and "[y]ou shall undergo an assessment for possible program placement, if assessment is deemed necessary by the staff with the DeKalb County Courts. You shall satisfactorily complete any program indicated by [the] assessment." Appellant's App. Vol. II pp. 95-96. Reith signed the written rules of probation that outlined the conditions of his probation on August 28, 2017. The rules of probation stated, in part: "You shall undergo assessment for possible program placement, if assessment is deemed necessary . . . .[y]ou shall satisfactorily complete any program indicated by assessment." *Id*. at 96.

[7] On September 5, 2017, the trial court entered its order and judgment for felony sentencing, which included the following provisions:

* * * * *

8. For the conviction of the criminal offense of Battery, a Level 5 Felony, the Court sentences [Reith] to 5 years of incarceration at the Indiana Department of Correction[ ] or the DeKalb County Jail 248 days to be served as an executed sentence followed by 4 years and 117 days of suspended sentence upon his compliance with the Rules, Terms and Conditions of Probation, to be supervised by the DeKalb County Probation Department.

* * * * *

11. Written Rules of Probation have been reviewed with [Reith] in open Court, he has signed them promising that he will obey them, he has been given a copy of them, and he is Ordered to comply with them. Said Rules are incorporated herein and made a part of this Order by reference thereto. Said Rules, which include a requirement that [Reith] successfully complete the Recovery Works Program, are incorporated herein and made a part of this Order by reference thereto.

*Id*. at 100-01. Reith subsequently underwent an assessment, which yielded recommendations that Reith should complete anger management classes and a substance abuse program administered by the Northeastern Center.

[8] On April 25, 2018, Reith tested positive for amphetamine and methamphetamine. On May 24, 2018, the State filed a petition to revoke Reith's probation due to the failed drug tests and his failure to participate in the Northeastern Center's substance abuse program.

[9] The trial court conducted a hearing on the petition to revoke Reith's probation on September 10, 2018. Johanna Scott of the DeKalb Probation Department testified that, as part of his probation, Reith "was ordered to complete an Anger Management Program and then follow through with Northeastern Center"; and that, although Reith completed the anger management program, he failed to complete substance abuse counseling with the Northeastern Center. Tr. Vol. II p. 40. Under direct examination of probation officer Scott, the following exchange occurred:

> Q. Uh, Ms. Scott, as part of his probation, was [Reith] ordered to complete the program at the Northeastern Center?
>
> A. Yes, he was ordered to complete an Anger Management Program and then follow through with Northeastern Center.
>
> Q. All right. Did he complete the rest of program [sic] that you required?
>
> A. No sir.
>
> Q. All right. And did he go to some of those classes?
>
> A. Yeah, actually he, so according to the reports from Northeastern Center, he completed, he was scheduled to complete four (4) anger management groups and then he attended all four (4) of those. He was also scheduled to complete twenty five (25) substance abuse groups in which he attended eleven (11), no-showed on eight (8), and cancelled six (6).
>
> Q. All right. And-

THE COURT: Which program was that?

THE WITNESS: That's for the substance abuse group, through the Northeastern Center.

THE COURT: Okay.

Q. And um, what is, what is, when was the last time he was actually participating in that program? Can you tell from the report?

A. The, as far as I can see, the reports state that he has not returned to services since his last group on January 3rd, 2018. He did contact his counselor on April 25th and discussed that he would return to group on May 2nd and he has not done that.

Q. All right. Um, so as far as you can tell, the last contact, actual appointment he went to, the group that he was supposed to was January?

A. That's correct.

Q. Okay. And he said he was gonna (sic) restart in May and he just didn't do it?

A. That's correct.

Q. Since then, do you know if he's had any contact with Northeastern Center?

A. Um, according to these reports, no.

*Id*. at 40-41.  Scott also testified that Reith was not a good candidate to continue on probation.

[10]    In closing remarks to the trial court, defense counsel acknowledged that Reith "did not successfully complete all of the Northeastern Center [substance abuse counseling], but he did complete a substantial portion of that and wants to continue that." *Id*. at 51.  Reith also addressed the trial court and stated:  "I'm willing to go through with, with the Northeastern Center, uh, complete the rest of my, my classes that I need to attend." *Id*.  At the close of the evidence, the trial court stated:

> Um, Devin, while . . . I say this at every probation violation hearing.  While I don't specifically remember telling you thing [sic], it's part of my mantra, it's part of what I say, it's part of what I do at every sentencing hearing.  Um, before you sign those rules of probation, read them over, make certain you understand them and then if you have any questions, don't sign them until you've got those questions answered either by the probation officer or by your lawyer.  And the reason I say that is because, as I continue on to tell people, um, those are rules that you must abide by and if you fail to do that, there is a price to pay and I don't want you to have to pay that price, that's why I want you to read 'em (sic) and understand 'em (sic) because as I say, I'm going to hold your feet to the fire and that's what I'm going to do.  Probation Department is, uh, unwilling to, um, work with you any further.  They think they've gone as far as they can do considering your willingness and your, um, commitment to the use and, um, clearly you have violated, uh, the two (2) allegations made in the Petition in that, uh, you failed to fully participate in the NEC programs and you failed, um, a chemical test by testing positive for amphetamine and methamphetamine[.]

*Id*. at 54. The trial court then revoked Reith's probation and ordered him to serve the balance of his previously-suspended sentence. Reith now appeals.

## Analysis

[11] Reith argues that the trial court abused its discretion when it revoked his suspended sentence and ordered him to serve the remainder of his previously-suspended sentence. Probation serves as an "alternative[ ] to commitment to the Department of Correction[,]" and is "[granted] at the sole discretion of the trial court." *Cox v. State*, 706 N.E.2d 547, 549 (Ind. 1999), *reh'g denied*. "Once a trial court has exercised its grace by ordering probation rather than incarceration, the judge should have considerable leeway in deciding how to proceed." *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007).

[12] A trial court determines the conditions of probation and may revoke probation if the conditions are violated. *Id.*; *see also* Ind. Code § 35-38-2-3(a). Violation of a single condition of probation is sufficient to revoke probation. *Gosha v. State*, 873 N.E.2d 660, 663 (Ind. Ct. App. 2007). Upon determining that a probationer has violated a condition of probation, the trial court may "[o]rder execution of all or part of the sentence that was suspended at the time of initial sentencing." I.C. § 35-38-2-3(h)(3).

[13] When reviewing the sufficiency of the evidence to support a probation revocation, we consider only the evidence most favorable to the judgment without reweighing the evidence or judging witnesses' credibility. *Figures v. State*, 920 N.E.2d 267, 272 (Ind. Ct. App. 2010). A probation revocation

hearing is civil in nature, and the State's burden is to prove the alleged violations by a preponderance of the evidence. *Id.* "If there is substantial evidence of probative value to support the trial court's conclusion that a defendant has violated any terms of probation, we will affirm its decision to revoke probation." *Id.* Our Supreme Court has held that "a trial court's sentencing decisions for probation violations are reviewable using the abuse of discretion standard." *Prewitt*, 878 N.E.2d at 188. An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances before the court. *Id.*

[14] Reith was found to have violated his probation by failing to comply with the rules of probation by satisfactorily completing substance abuse counseling with the Northeastern Center.[2] Reith does not appeal the revocation based upon his use of amphetamine and methamphetamine. Revocation based on one violation is sufficient. *See Gosha*, 873 N.E.2d at 663. Nevertheless, we will address Reith's argument regarding the trial court's other basis for revoking his probation.

[15] Reith contends that "[o]ther than the anger management program which Reith was ordered to complete and did complete, it is not clear which additional program he was ordered to complete." Appellant's Br. p. 7. We cannot agree.

---

[2] The State did not allege that Reith failed to meet his Recovery Works obligation.

[16] When the trial court places a person on probation, the court must specify on the record the conditions of the probation and give the person a written statement specifying his conditions of probation. I.C. §§ 35-38-2-1; -2.3. "Thus, the law generally requires that if a person is placed on probation, the trial court must provide the defendant a written statement containing the terms and conditions of probation at the sentencing hearing." *Gil v. State*, 988 N.E.2d 1231, 1234 (Ind. Ct. App. 2013). However, we have previously held that the trial court's failure to provide written probation terms may be harmless error if the defendant has been orally advised of the conditions and acknowledges that he understands them. *Id.*

[17] We initially note that, during the trial court's hearing on the State's petition to revoke Reith's probation, Reith did not assert that the trial court failed to advise him of an explicit condition of probation. It is well settled that a party may not present an argument or issue to an appellate court unless the party raised the same argument or issue before the trial court. *See Craig v. State*, 883 N.E.2d 218, 220 (Ind. Ct. App. 2008). Therefore, Reith has waived his claim.

[18] Waiver notwithstanding, Reith's claim fails on the merits. Reith's signed plea agreement provided, "[ ]As a term of probation, [Reith] must get counseling . . . ." Appellant's App. Vol. II p. 31. The trial court also advised Reith that, as a term of his probation, he was required to undergo an assessment for services and satisfactorily complete any programs that were recommended as a result of the assessment. *See Gil*, 988 N.E.2d at 1234. Additionally, Reith signed written rules of probation, which stated: "You shall undergo assessment for possible

program placement, if assessment is deemed necessary . . . .[y]ou shall satisfactorily complete any program indicated by [the] assessment." Appellant's App. Vol. II p. 96.

[19] Probation officer Scott testified that Reith was referred for anger management as well as substance abuse programming. Although Reith completed anger management classes, he failed to complete substance abuse treatment through the Northeastern Center and also tested positive for methamphetamine and amphetamine. The State, thus, proved two probation violations. *See Gosha*, 873 N.E.2d at 663 (holding that proof of a single violation is sufficient to permit a trial court to revoke probation). The trial court properly revoked Reith's probation.

[20] As for the trial court's imposition of Reith's previously-imposed sentence, it is well-settled that, upon determining that a probationer has violated a condition of probation, the trial court may "[o]rder execution of all or part of the sentence that was suspended at the time of initial sentencing." I.C. § 35-38-2-3(h)(3); *see Knecht v. State*, 85 N.E.3d 829, 840 (Ind. Ct. App. 2017) (finding the trial court did not abuse its discretion in ordering probationer to serve his previously-suspended sentence after the trial court revoked the probationer's probation).

[21] In light of the foregoing, the trial court's revocation of Reith's probation and imposition of Reith's previously-suspended sentence is not clearly against the logic and effect of the circumstances before the court.

# Conclusion

[22] The trial court did not abuse its discretion when it revoked Reith's probation and imposed his previously-suspended sentence. We affirm.

[23] Affirmed.

[24] Baker, J., and May, J., concur.