# FOR PUBLICATION



**FILED**

Aug 07 2012, 8:56 am

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**SCOTT H. DUERRING**
Duerring Law Offices
South Bend, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**IAN MCLEAN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| NAVEED GULZAR, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 20A03-1202-PC-88 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE ELKHART SUPERIOR COURT
The Honorable Charles Carter Wicks, Judge
Cause No. 20D05-0601-FD-37

**August 7, 2012**

**OPINION - FOR PUBLICATION**

**VAIDIK, Judge**

**Case Summary**

Naveed Gulzar pled guilty to theft in 2006. In 2011, he sought post-conviction relief on the grounds of ineffective assistance of counsel. Specifically, Gulzar argued that his trial counsel was ineffective for failing to advise him that automatic deportation was a consequence of his pleading guilty to theft. The post-conviction court denied relief. We affirm.

**Facts and Procedural History**

Gulzar was born in Pakistan and entered the United States in 2000, when he was approximately fourteen years old. Gulzar immigrated to the United States with his mother, father, brother, and sister, all with the intent of staying in this country and becoming naturalized citizens.

In January 2006, Gulzar and Adnan Hakin stole a credit card from a customer at a convenience store where Hakin worked. Gulzar and Hakin used the stolen card to make purchases on four occasions at several different stores. During their investigation into the theft of the credit card, the Goshen Police Department obtained video evidence from Meijer showing Gulzar using the stolen credit card. The police also secured a signed consent to search Gulzar's apartment, where the items purchased with the stolen card were found. The State charged Gulzar with one count of theft and two counts of fraud, all Class D felonies. In March 2006, Gulzar, represented by counsel, entered into a plea agreement. The agreement provided that Gulzar would plead guilty to one count of Class D felony theft and the State would dismiss the two remaining counts. Sentencing was left to the trial court's discretion. The plea agreement contained several advisements of

rights, each of which Gulzar initialed. Appellant's App. p. 55-57. One provided, "the defendant understands that if he/she is not a legal citizen of the United States, he/she may be deported as a result of his/her plea of guilty." *Id*. at 56. The trial court sentenced Gulzar to eighteen months in the Department of Correction, all suspended to probation. Gulzar successfully completed his probation and was released satisfactorily.

Between 2006 and 2011, Gulzar filed numerous motions to modify his sentence, but his requests were denied by the trial court. In November 2011, Gulzar filed a petition for post-conviction relief, alleging that his trial counsel was ineffective for not advising him that pleading guilty to theft would make him automatically deportable under two federal immigration laws. Specifically, since pleading guilty to theft, Gulzar was deportable because he was a lawful permanent resident who committed a crime of moral turpitude within ten years after the date of admission, for which a sentence of more than one year[1] was imposed under 8 U.S.C. § 1227 (a)(2)(A)(i). Gulzar was also deportable because he committed an aggravated felony[2] under 8 U.S.C. § 1227 (a)(2)(A)(iii).

At the post-conviction hearing, Gulzar testified that when entering his plea, he informed trial counsel that he was only a legal permanent resident and not a citizen of the United States. Tr. p. 11-12. Trial counsel testified that he informed Gulzar that his guilty plea "could [a]ffect" his status as a citizen in this country. *Id*. at 8. However, trial counsel admitted that he failed to inform Gulzar that his guilty plea to felony theft would

---

[1] "Any reference to a term of imprisonment or a sentence with respect to an offense is deemed to include the period of incarceration or confinement ordered by a court of law regardless of any suspension of the imposition or execution of that imprisonment or sentence in whole or in part." 8 U.S.C. § 1101 (a)(48)(B).

[2] Theft is an aggravated felony under 8 U.S.C. § 1101 (a)(43)(G).

3

make him automatically deportable. *Id*. at 12. After the guilty plea hearing, Gulzar had consulted with an immigration attorney who explained that because of his theft conviction, Gulzar would be unable to renew his green card or become a natural citizen. *Id*. at 13. Gulzar testified that if he had been advised by trial counsel that his guilty plea would subject him to automatic deportation, he would not have pled guilty because it would prevent him from becoming a natural citizen and require him to go back to Pakistan. *Id*. at 12.

In January 2012, the post-conviction court entered a written order finding that although trial counsel's advice was incompetent,[3] Gulzar failed to establish prejudice from trial counsel's failure to advise him of the risk of deportation and therefore denied relief.

Gulzar now appeals.[4]

---

[3] We question whether the post-conviction court found that trial counsel was incompetent. The order of the post-conviction court states, "The court finds that [trial counsel's] advice was ineffective within the meaning of *Padilla v. Kentucky* and the court further finds that the advice given in 2006 was *not* incompetent and was *not* below a reasonable standard of an attorney practicing in Elkhart County, Indiana, as attorneys in that time period routinely gave advice of a potential for immigration consequences." Appellant's App. p. 18-19 (emphasis added). We note that because the parties interpret the post-conviction court's order to have found trial counsel incompetent, we follow the course taken by the parties. We do not reach the issue of whether trial counsel's advice that Gulzar *may* be deported is sufficient under *Padilla*. (emphasis added).

[4] The State cross-appeals, arguing that trial counsel was not deficient. Specifically, the State claims that *Padilla v. Kentucky*, 130 S. Ct. 1473 (2010), which holds that the failure to advise a defendant of the possible adverse immigration consequences of a guilty plea constitutes deficient performance, does not apply retroactively. We need not address whether *Padilla* applies retroactively because we resolve this issue on the grounds of lack of prejudice. *See Trujillo v. State*, 962 N.E.2d 110, 114 (Ind. Ct. App. 2011) (holding that "if it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, that course should be followed.") (citing *Landis v. State*, 749 N.E.2d 1130, 1134 (Ind. 2001)).

4

## Discussion and Decision

Gulzar contends that his trial counsel was ineffective for failing to advise him that pleading guilty to theft would subject him to automatic deportation under federal immigration laws.

In post-conviction proceedings, the petitioner bears the burden of proving grounds for relief by a preponderance of the evidence. Ind. Post-Conviction Rule 1(5). "The standard of review for a petitioner denied post-conviction relief is rigorous." *Trujillo v. State*, 962 N.E.2d 110, 113 (Ind. Ct. App. 2011). A petitioner must show that the evidence, when taken as a whole, "leads unerringly and unmistakably to a conclusion opposite to that reached by the post-conviction court." *Matheney v. State*, 688 N.E.2d 883, 890-91 (Ind. 1997) (quotation omitted). "We will disturb the post-conviction court's decision only if the evidence is without conflict and leads to but one conclusion and the post-conviction court has reached the opposite conclusion." *Emerson v. State*, 695 N.E.2d 912, 915 (Ind. 1998).

When evaluating a claim of ineffective assistance of counsel, we apply the two-part test articulated in *Strickland v. Washington*, 446 U.S. 668, 674 (1984). First, a petitioner must establish that his counsel's performance was deficient. *Lee v. State*, 892 N.E.2d 1231, 1233 (Ind. 2008). "Counsel's performance is deficient if it falls below an objective standard of reasonableness based on prevailing professional norms." *French v. State*, 778 N.E.2d 816, 824 (Ind. 2002). Second, a petitioner must establish that as a result of the deficient performance the petitioner was prejudiced. *Lee*, 892 N.E.2d at 1233. To show prejudice the petitioner must establish a reasonable probability that, but

5

for counsel's unprofessional mistakes, the result of the proceedings would have been different. *French*, 778 N.E.2d at 824. Failure to satisfy either of the two prongs will cause the claim to fail. *Id*. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, that course should be followed." *Trujillo*, 962 N.E.2d at 114 (citing *Landis v. State*, 749 N.E.2d 1130, 1134 (Ind. 2001)).

On appeal, Gulzar contends that he was prejudiced by his trial counsel's failure to explain the risk of automatic deportation. Gulzar claims that this failure caused him to accept a plea agreement that he would have rejected if he had been properly advised. Because Gulzar was convicted pursuant to a guilty plea, we examine this particular claim under *Segura v. State*, 749 N.E.2d 496 (Ind. 2001). *Trujillo*, 962 N.E.2d at 114.

*Segura* categorizes two main types of ineffective assistance of counsel cases, the second of which is at issue here. *Id*. This second category relates to "an improper advisement of penal consequences" and is further divided into two subcategories: (1) "claims of intimidation by exaggerated penalty or enticement by an understated maximum exposure" and (2) "claims of incorrect advice as to the law." *Id*. (quotation omitted). Therefore, Gulzar's challenge falls under subsection (2) of the second category—an improper advisement of penal consequences relating to incorrect advice as to the law.

In *Segura*, our Supreme Court held that to state a claim for post-conviction relief under this subcategory, a petitioner must "establish, by objective facts, circumstances that support the conclusion that counsel's errors in advice as to penal consequences were material to the decision to plead." *Segura*, 749 N.E.2d at 507. Simply alleging that the

6

petitioner would not have pled will not be sufficient. *Id.* "Rather, specific facts, in addition to the petitioner's conclusory allegation, must establish an objective reasonable probability that competent representation would have caused the petitioner not to enter a plea." *Id.*; *see also Trujillo*, 962 N.E.2d at 114-15. The failure to advise a client of the possibility of deportation in the event of a conviction may, under some circumstances, constitute ineffective assistance of counsel. *Segura*, 749 N.E.2d at 500.

Gulzar testified that he would not have pled guilty had trial counsel advised him that his guilty plea would have resulted in automatic deportation. Tr. p. 12. Under the analysis in *Segura*, Gulzar's conclusory testimony to that effect is insufficient. He must also show special circumstances or present specific facts that warrant post-conviction relief. *Segura*, 749 N.E.2d at 507; *see also Sial v. State*, 862 N.E.2d 702, 706 (Ind. Ct. App. 2007).

Gulzar argues that special circumstances are present in this case. Specifically, he argues that the members of his nuclear family—his mother, father, brother, and sister— live in the United States, and for that reason, his deportation would be especially difficult for him and them. Thus, Gulzar argues that his case is like *Sial*. In *Sial*, the defendant had lived in the United States for twenty years and had a wife and a thirteen-year-old daughter who was an American citizen. *Sial*, 862 N.E.2d at 706. In *Sial*, we found that the defendant had shown "sufficient special circumstances and specific facts" to support his claim that he would not have pled guilty had he been informed of the immigration consequences. *Id.* Here, we acknowledge that Gulzar's parents and siblings are his nuclear family; they immigrated together in hopes of becoming naturalized citizens and

7

have lived in this country for almost twelve years. In fact, Gulzar's mother, father, brother, and sister have all become naturalized citizens. Tr. p. 10. If deported, Gulzar would be forced either to leave his family behind or to uproot them from the country that has been their home for more than a decade.

While these may indeed be special circumstances, as our Supreme Court acknowledged in *Segura*, "We see no reason to require revisiting a guilty plea if, at the end of the day, the inevitable result is conviction and the same sentence." 749 N.E.2d at 507. That is, the Court acknowledged that it is only in "extreme cases" that "a truly innocent defendant" pleads guilty "because of incorrect advice as to the consequences." *Id.* This is not one of those extreme cases. Gulzar was charged with three Class D felonies. His participation in the underlying crimes was documented on surveillance video, and the items purchased with the stolen credit card were found in his apartment. Notably, Gulzar has never denied his involvement in these crimes. Gulzar thus had few choices: plead guilty or not guilty, both of which left sentencing to the trial court's discretion. In light of the evidence establishing Gulzar's guilt, pleading guilty allowed Gulzar to secure a significant benefit by reducing his liability to only one Class D felony in hopes that the trial court would give him a reduced sentence. In fact, Gulzar received a completely suspended sentence.

While Gulzar may have shown special circumstances related to his family, in light of the evidence establishing his guilt, he has failed to demonstrate prejudice as a result of trial counsel's failure to advise him that his guilty plea would result in automatic deportation. We therefore affirm the post-conviction court.

Affirmed.

CRONE, J., and BRADFORD, J., concur.