## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Oct 08 2015, 9:58 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT, PRO SE

Khalid M. Jackson-Bey
Indiana State Prison
Michigan City, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Karl M. Scharnberg
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Khalid M. Jackson-Bey,

*Appellant-Petitioner,*

v.

State of Indiana,

*Appellee-Respondent.*

October 8, 2015

Court of Appeals Case No.
45A03-1311-PC-506

Appeal from the Lake Superior Court

Trial Court Cause No.
45G04-1103-PC-1

The Honorable Thomas P. Stefaniak, Judge

The Honorable Natalie Bokota, Magistrate

## Pyle, Judge.

[1] Khalid M. Jackson-Bey ("Jackson-Bey"), *pro se*, appeals the denial of his petition for post-conviction relief regarding his convictions for murder and

robbery. In his petition, he claimed that he received ineffective assistance of trial counsel because his attorney: (1) did not object during the State's opening statement; (2) waived opening statement; and (3) failed to interview or depose the State's witnesses. He also claimed that the State committed prosecutorial misconduct by using perjured testimony to secure his conviction. Concluding that Jackson-Bey's trial counsel was not ineffective and that Jackson-Bey's claim of prosecutorial misconduct was not a cognizable issue for post-conviction relief proceedings, we affirm the denial of his petition.

We affirm.

## Issue

Whether the post-conviction court erred in denying Jackson-Bey's petition for post-conviction relief.

## Facts

The underlying facts of Jackson-Bey's crimes were set forth in the opinion from his direct appeal as follows:

On November 16, 2007, Anthony Rias, Jr., Jamal Hillsman, Edgar Covington, Jermaine Hammonds, and Mrtyrone Metcalf visited with Jackson-Bey and his brother, Haneef, at the Jackson-Bey home. Rias asked the Jackson-Bey brothers and Metcalf if the wanted to "do a lick" (in street terms, commit a robbery). (Tr. 311)[.] The group of young men, excluding Haneef, left in Hillsman's blue Ford Explorer. Jackson-Bey was armed with a small silver gun. They picked up Jamil Pirant, and Rias and Jackson-Bey explained to him "about the lick." (Tr. 314)[.] Metcalf inquired whether Pirant had a pistol; at first Pirant

jokingly replied that he had left it behind but then assured Metcalf that he had the pistol.

The group proceeded to a White Castle, where Rias procured a loaner vehicle (a white Ford Explorer) from one of his friends. Rias, Metcalf, Pirant, and Jackson-Bey drove off in the white Explorer, with Hillsman, Covington, and Hammonds following in the blue Explorer. Rias, who had been driving the white Explorer, stopped the vehicle in an alley. The three occupants of his vehicle went to the apartment of Dominique Keesee. The blue Explorer was parked nearby.

Keesee answered his door, and Jackson-Bey advised that he wanted to buy marijuana. Keesee agreed to the sale and went to get the marijuana; Metcalf and Pirant forced their way into the apartment. Jackson-Bey followed. Outside, Covington heard gunshots. Hammond exited the blue Explorer and began to run. Rias drove up to Hillsman's vehicle and directed him to follow so that the white Explorer could be hidden. Once the white Explorer was parked, Rias got into Hillsman's blue Explorer and they proceeded to the alley by Keesee's apartment. Jackson-Bey, Metcalf, and Pirant came running up to the vehicle with bags in hand.

With Hillsman, Rias, Jackson-Bey, Metcalf, Pirant, and Covington present, there was some discussion of the events that had transpired. Rias asked Jackson-Bey "is it done" and Jackson-Bey replied, "it is done." (Tr. 536.) Jackson-Bey indicated that Metcalf had shot Keesee in the chest and further stated, "We come to kill him." (Tr. 538.)

Dionne Austin found Keesee in his apartment, suffering from gunshot wounds to the head and chest. He had been shot approximately fifteen times[] from two .22 caliber weapons. Medical assistance to Keesee proved futile and he died. Meanwhile, Rias and Hillsman returned the white Explorer to its owner and Covington, Jackson-Bey, Metcalf and Pirant went back to the Jackson-Bey house. Haneef divided up the marijuana

and some of the young men began to play a video game that had been stolen from Keesee.

> Several months later, Jackson-Bey's attorney advised the Lake County Sheriff's Department that Jackson-Bey had information about Keesee's murder. Jackson-Bey gave a statement indicating that Rias and Hillsman were the "shooters" that had killed Keesee. (State's Ex. 64a, pg. 3.) Subsequently, Jackson-Bey gave a statement identifying Metcalf and Pirant as the shooters. Ultimately, Jackson-Bey, Metcalf, and Rias were charged with Keesee's murder.

*Jackson-Bey v. State*, No. 45A03-0908-CR-365, slip op. at 1 (Ind. Ct. App. March 15, 2010). A jury found Jackson-Bey guilty of murder and robbery, and he was sentenced to a total of sixty-five (65) years in prison. He appealed his convictions, claiming that the trial court committed fundamental error in instructing the jury, that insufficient evidence supported his conviction, and that his sentence was inappropriate. We found no errors and affirmed his conviction.

[5] On March 4, 2011, Jackson-Bey filed a *pro se* petition for post-conviction relief, claiming that he received ineffective assistance of trial counsel and alleging prosecutorial misconduct against the State. The post-conviction court began an evidentiary hearing on December 19, 2012, and, after a continuance, concluded the hearing on March 15, 2013. Jackson-Bey's trial counsel, Noah Holcomb ("Attorney Holcomb"), testified about representing him during his murder trial. Specifically, he testified about not giving an opening statement and not deposing the State's witnesses.

[6] As to waiving opening statement, Holcomb testified that, "from [his] standpoint [and] his evaluation of the State's evidence, [if] it's going to be fairly strong against my client, I will not give an opening statement." (Tr. 37). In response to a hypothetical posed by Jackson-Bey, Holcomb explained that if the State mentioned certain evidence in opening statement and failed to introduce that evidence, he would take advantage of it in closing arguments rather than making an objection. As to depositions, Holcomb testified that the extent of discovery provided by the State dictated the need for depositions. He also stated that he cautions his clients on taking depositions of civilian witnesses because of the State's ability to use those depositions if the witness later becomes unavailable to testify at trial.

[7] Finally, Jackson-Bey alleged that the State committed prosecutorial misconduct by using perjured testimony. In an attempt to point out inconsistencies in a witness's testimony, Jackson-Bey attempted to support this allegation by admitting portions of the transcript from his co-defendant's trial, which took place after his. The post-conviction court entered its findings of fact and conclusions thereon denying Jackson-Bey's petition for post-conviction relief. He now appeals the denial of his petition.

## Decision

[8] Jackson-Bey appeals the post-conviction court's order denying post-conviction relief on his claims of prosecutorial misconduct and ineffective assistance of trial counsel.

[9]     We observe that post-conviction proceedings do not grant a petitioner a "super-appeal" but are limited to those issues available under the Indiana Post-Conviction Rules. Post-conviction proceedings are civil in nature, and petitioners bear the burden of proving their grounds for relief by a preponderance of the evidence. Ind. Post-Conviction Rule 1(5). A petitioner who appeals the denial of PCR faces a rigorous standard of review, as the reviewing court may consider only the evidence and the reasonable inferences supporting the judgment of the post-conviction court. The appellate court must accept the post-conviction court's findings of fact and may reverse only if the findings are clearly erroneous. If a PCR petitioner was denied relief, he or she must show that the evidence as a whole leads unerringly and unmistakably to an opposite conclusion than that reached by the post-conviction court.

*Shepherd v. State*, 924 N.E.2d 1274, 1280 (Ind. Ct. App. 2010) (internal citations omitted), *trans. denied*.

[10] At the outset, we note that while the post-conviction court addressed the merits of Jackson-Bey's claim of prosecutorial misconduct, that argument is not appropriate for post-conviction relief proceedings. Post-conviction proceedings do not provide a petitioner with an opportunity to present freestanding claims that contend the original trial court committed error. *Wrinkles v. State*, 749 N.E.2d 1179, 1187 n. 3 (Ind. 2001). "In post-conviction proceedings, complaints that something went awry at trial are generally cognizable only when they show deprivation of the right to effective counsel or issues demonstrably unavailable at the time of trial or direct appeal." *Sanders v. State*, 765 N.E.2d 591, 592 (Ind. 2002).

[11] The alleged perjured testimony took place during the trial of one of Jackson-Bey's co-defendants, which occurred after Jackson-Bey had been convicted and before he filed his appellate brief. He makes no argument that this claim was unavailable to him on direct appeal. Accordingly, Jackson-Bey's prosecutorial misconduct claim is a freestanding claim of error at trial that is not cognizable during post-conviction proceedings. *See, e.g.*, *Myers v. State*, 33 N.E.3d 1077, 1115-16 (Ind. Ct. App. 2015) (claim of prosecutorial misconduct failed where raised for the first time in post-conviction proceedings instead of direct appeal), *trans. denied*. Thus, we turn to Jackson-Bey's claims of ineffective assistance of trial counsel.

[12] A claim of ineffective assistance of trial counsel requires a showing that: (1) counsel's performance was deficient by falling below an objective standard of reasonableness based on prevailing professional norms; and (2) counsel's performance prejudiced the defendant such that "'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Davidson v. State*, 763 N.E.2d 441, 444 (Ind .2002) (quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984)), *reh'g denied, cert. denied*. "Failure to satisfy either of the two prongs will cause the claim to fail." *Gulzar v. State*, 971 N.E.2d 1258, 1261 (Ind. Ct. App. 2012) (citing *French v. State*, 778 N.E.2d 816, 824 (Ind. 2002)), *trans. denied*. Most ineffective assistance of counsel claims can be resolved by a prejudice inquiry alone. *French*, 778 N.E.2d at 824.

Jackson-Bey first claims that his trial counsel was ineffective because he did not interview or take depositions of the State's witnesses. Our supreme court has clearly stated, "counsel's failure to interview or depose State's witnesses does not, standing alone, show deficient performance." *Williams v. State*, 724 N.E.2d 1070, 1076 (Ind. 2000). "The question is what additional information may have been gained from further investigation and how the absence of that information prejudiced his case." *Id*.

Here, Jackson-Bey makes general allegations of what Attorney Holcomb could have done with depositions, but he points to no specific information that depositions would have revealed. Without specific information, there is no way to tell what information would have been discovered that would have affected the result of his trial. Accordingly, he has shown no prejudice in Attorney Holcomb's decision not to depose witnesses. *See, e.g.*, *id*.

Jackson-Bey's remaining claims of ineffective assistance of trial counsel revolve around opening statements. He claims Attorney Holcomb was ineffective because he did not object during the State's opening statement and because he did not give an opening statement on Jackson-Bey's behalf.

Before a defendant can show that his counsel's failure to object constitutes deficient performance, the defendant must be able to show that the objection would have been sustained. *Whitener v. State*, 696 N.E.2d 40, 44 (Ind. 1998) (citing *Potter v. State*, 684 N.E.2d 1127, 1134 (Ind. 1997)). Jackson-Bey's claim here fails because he does not direct our attention to anything in the State's

opening statement that was objectionable. Again, Jackson-Bey makes general claims about what happened but points to nothing specific in the record. Specifically, he merely asserts that the State introduced unproven facts and misled the jury during its opening statement. Despite the fact that everything is unproven during an opening statement, we cannot assess his claim without a specific reference to what might have been objectionable. As a result, we find that Attorney Holcomb did not render ineffective assistance of counsel when he failed to object.

[17] As to Jackson-Bey's remaining complaint about opening statements, our supreme court has spoken clearly and succinctly on the matter: "[t]he decision not to make an opening statement is a matter of trial strategy and will not support an ineffective assistance claim." *Douglas v. State*, 663 N.E.2d 1153, 1155 (Ind. 1996).

[18] Finding that Jackson-Bey has not shown that the post-conviction court's decision was clearly erroneous, we affirm its order denying Jackson-Bey's petition for post-conviction relief.

[19] Affirmed.

Crone, J., and Brown, J., concur.