## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 26 2018, 5:53 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Ross G. Thomas
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Monika Prekopa Talbot
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Charles Lain,

*Appellant-Petitioner,*

v.

State of Indiana,

*Appellee-Respondent*

July 26, 2018

Court of Appeals Case No.
03A01-1710-PC-2293

Appeal from the Bartholomew
Circuit Court

The Honorable Kelly Benjamin,
Judge

Trial Court Cause No.
03C01-0710-PC-2123

**Baker, Judge.**

[1]     Charles Lain appeals from the denial of his petition for post-conviction relief. He argues that trial counsel was ineffective for not making a certain argument in a motion to suppress and for not raising a statutory defense, and appellate counsel for not adequately raising the issue of a lesser-included offense for his sentencing. Finding no error by trial counsel, but that Lain was improperly sentenced, we affirm in part, reverse in part, and remand with instructions.

# Facts

[2]     The underlying facts, as described by this Court in one of Lain's direct appeals, are as follows:

> On September 30, 2003, a motorist witnessed Lain driving a black GMC truck and chasing a white car driven by Lain's girlfriend, Sherry Waskom ("Waskom"). The motorist reported Lain's erratic driving behavior to the police, who then located Lain and Waskom's vehicles in the parking lot of the Senior Center in Columbus, Indiana. The Senior Center is located within one thousand feet of a park.
>
> Lain consented to a police search of his vehicle. During the search, the officer discovered a black pouch, which contained a digital weighing scale coated with a white powder residue. The officer also found a silver metal tin that contained twelve clear plastic bags containing a powdery substance. The residue on the scale was later tested and determined to contain methamphetamine. Five of the twelve plastic bags were tested and found to contain 3.56 grams of methamphetamine.
>
> Lain was charged with Class A felony possession of methamphetamine having a weight of three grams or more within one thousand feet of a public park and also with Class A

felony dealing in methamphetamine having a weight of three grams or more. A jury trial commenced on February 24, 2004, and Lain was found guilty of both charges. On April 12, 2004, Lain was sentenced to serve forty years for the Class A felony possession of methamphetamine conviction and fifty years for the Class A felony dealing in methamphetamine conviction, to be served consecutively for an aggregate sentence of ninety years.

*Lain v. State*, No. 03A01-0511-CR-511, slip op. at 1 (Ind. Ct. App. Jan. 17, 2007) (footnote omitted). Lain appealed, arguing in part that the trial court erred by denying his motion to merge his two convictions and by ordering Lain to serve consecutive terms for his convictions. This Court considered his merger argument under double jeopardy principles, finding no double jeopardy violation, but reversed and remanded to the trial court for resentencing, finding that the maximum term of imprisonment for Lain's two Class A felony convictions was fifty-five years. *Id.*

[3] Following a resentencing hearing, the trial court sentenced Lain to twenty-five years on the possession of methamphetamine conviction and thirty years on the dealing in methamphetamine conviction, ordering the sentences to be served consecutively. Lain appealed the resentencing, arguing that the trial court erred by not finding mitigating circumstances and by ordering consecutive sentences. This Court affirmed. *Id.* at 4.

[4] On October 19, 2007, Lain filed a pro se petition for post-conviction relief, which was amended by counsel on December 6, 2016. On June 29, 2017, an

evidentiary hearing took place, and on September 11, 2017, the post-conviction court denied Lain's petition. Lain now appeals.

# Discussion and Decision

The general rules regarding the review of a ruling on a petition for post-conviction relief are well established:

> "The petitioner in a post-conviction proceeding bears the burden of establishing grounds for relief by a preponderance of the evidence." *Fisher v. State*, 810 N.E.2d 674, 679 (Ind. 2004). "When appealing from the denial of post-conviction relief, the petitioner stands in the position of one appealing from a negative judgment." *Id.* To prevail on appeal from the denial of post-conviction relief, a petitioner must show that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite that reached by the post-conviction court. *Weatherford v. State*, 619 N.E.2d 915, 917 (Ind. 1993). Further, the post-conviction court in this case made findings of fact and conclusions of law in accordance with Indiana Post-Conviction Rule 1(6). Although we do not defer to the post-conviction court's legal conclusions, "[a] post-conviction court's findings and judgment will be reversed only upon a showing of clear error—that which leaves us with a definite and firm conviction that a mistake has been made." *Ben-Yisrayl v. State*, 729 N.E.2d 102, 106 (Ind. 2000) (quotation omitted).

*Hollowell v. State*, 19 N.E.3d 263, 268-69 (Ind. 2014).

# I. Ineffective Assistance of Trial Counsel

Lain first argues that he received the ineffective assistance of trial counsel. A successful claim of ineffective assistance of trial counsel requires a showing that:

(1) counsel's performance was deficient by falling below an objective standard of reasonableness based on prevailing professional norms; and (2) counsel's performance prejudiced the defendant such that "'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Davidson v. State*, 763 N.E.2d 441, 444 (Ind. 2002) (quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). "A reasonable probability arises when there is a 'probability sufficient to undermine confidence in the outcome.'" *Grinstead v. State*, 845 N.E.2d 1027, 1031 (Ind. 2006) (quoting *Strickland*, 466 U.S. at 694). "Failure to satisfy either of the two prongs will cause the claim to fail." *Gulzar v. State*, 971 N.E.2d 1258, 1261 (Ind. Ct. App. 2012).

[7] Lain first argues that trial counsel was ineffective because counsel failed to argue in a motion to suppress that Lain's consent to search was not voluntary because he did not receive a *Pirtle* warning. Our Supreme Court has held that "a person who is asked to give consent to search while in police custody is entitled to the presence and advice of counsel prior to making the decision whether to give such consent." *Pirtle v. State*, 263 Ind. 16, 29, 323 N.E.2d 634, 640 (1975).

[8] Here, trial counsel testified at the post-conviction hearing that the basis of the motion to suppress was an argument that Lain had not consented to the search at all. Therefore, counsel chose not to make an argument based on *Pirtle*, which presupposes consent. PCR Tr. Vol. II p. 14, 16. In other words, an argument that the evidence should be suppressed because Lain did not receive a *Pirtle*

warning would have run counter to trial counsel's strategy. Trial counsel's decision to argue that the evidence should be suppressed because Lain did not consent to a search—rather than to argue that any consent was not voluntary—was a reasonable strategy that we will not second-guess. *E.g.*, *Wrinkles v. State*, 749 N.E.2d 1179, 1191 (Ind. 2001) ("Counsel is given significant deference in choosing a strategy which, at the time and under the circumstances, he or she deems best.").

[9] Lain also asserts that trial counsel was ineffective for failing to raise a defense based on Indiana Code section 35-48-4-16 (2003). Under a separate statute, the State enhanced Lain's charge of possession from a Class C felony to a Class A felony because the possession took place within 1,000 feet of a public park. At the time of Lain's offense, Indiana Code section 35-38-4-16 provided a defense to that proximity enhancement if no person under eighteen years of age, at least three years junior to the person, was in, on, or within 1,000 feet of the public park at the time of the offense.

[10] Lain asserts that, because his offense took place around 9:30 p.m. on a Tuesday night in late September, it would be unlikely that children would have been in the area; further, no eyewitness testified that children were present. It is true that trial counsel could have raised this defense, and if successful, the charge would have been reduced from a Class A felony to a Class C felony. But this defense would have contradicted the defense that trial counsel pursued at trial, which was an all-or-nothing defense that the drugs did not belong to Lain. Trial counsel testified that his strategy was not to raise contradictory defenses.

PCR Tr. Vol. II p. 31. This strategy was a reasonable one because if successful, it would have resulted in an acquittal. Trial counsel did not perform below acceptable professional standards. Therefore, the post-conviction court did not err by finding that Lain did not receive the ineffective assistance of counsel.

## II. Ineffective Assistance of Appellate Counsel

Lain also contends that the post-conviction court should have found that he received the ineffective assistance of appellate counsel because appellate counsel failed to adequately argue that his possession conviction was a lesser-included offense of his dealing conviction. To establish ineffective assistance of appellate counsel, the petitioner must show that (1) appellate counsel was deficient in his or her performance, and (2) the deficiency resulted in prejudice. *Hollowell v. State*, 19 N.E.3d 263, 269 (Ind. 2014). Failure to satisfy either prong will cause the claim to fail. *Henley v. State*, 881 N.E.2d 639, 644 (Ind. 2008). To satisfy the second prong, the defendant must show a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Id.*

Initially, we note that in Lain's first direct appeal, appellate counsel did raise the issue of lesser-included offenses, but because appellate counsel relied on cases that were decided under double jeopardy principles, this Court considered the issue under double jeopardy principles and found no violation. *See Lain v. State,* No. 03A04-0406-CR-341 (Ind. Ct. App. Feb. 21, 2005).

We sua sponte correct this error. Indiana Code section 35-38-1-6 provides that

Whenever:

(1) a defendant is charged with an offense and an included offense in separate counts; and

(2) the defendant is found guilty of both counts;

judgment and sentence may not be entered against the defendant for the included offense.

At the time of Lain's offense, Indiana Code section 35-41-1-16(1) (1998 & Supp. 2004) provided that an "included offense" is an offense that "is established by proof of the same material elements or less than all the material elements required to establish the commission of the offense charged[.]" This Court has consistently found that possession of methamphetamine is a lesser-included offense of dealing in methamphetamine. *See*, *e.g.*, *Hall v. State*, 975 N.E.2d 401, 407 n.1 (Ind. Ct. App. 2012) (noting that the charge of possession of methamphetamine is a lesser-included offense of dealing in methamphetamine).

[14] Lain was charged with Class A felony possession of methamphetamine, which, at the time of the offense, included three elements: 1) knowing or intentional possession of methamphetamine, 2) weighing three or more grams, 3) within 1,000 feet of a public park. I.C. § 35-48-4-6 (1998 & Supp. 2004). Lain was also charged with Class A felony dealing in methamphetamine, which, at the time of the offense, included three elements: 1) knowing or intentional possession of methamphetamine, 2) weighing three or more grams, 3) with intent to deliver. I.C. § 35-48-4-1 (1998 & Supp. 2004).

[15]     The same methamphetamine was used to convict Lain of these two offenses, and the two offenses occurred at the same time and place. Even though the dealing offense does not explicitly include an element about proximity to a public park, here, Lain's dealing offense did take place within 1,000 feet of a public park. In other words, all of the elements used to establish the possession offense were also used to establish two of the elements of the dealing offense, making the possession offense a lesser-included offense of the dealing offense. Accordingly, under Indiana Code section 35-38-1-6, a judgment and sentence may not be entered against Lain for the possession offense, and we remand to the trial court with instructions to vacate Lain's possession conviction.

[16]     The deficiency of appellate counsel about which Lain complains is rectified by our conclusion.

[17]     The judgment of the post-conviction court is affirmed in part, reversed in part, and remanded with instructions to vacate the possession conviction and sentence and issue a new judgment and abstract on the dealing conviction and sentence.

Vaidik, C.J., and Pyle, J., concur.