## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Mar 27 2019, 11:58 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Demetrius M. Newell
Carlisle, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Angela N. Sanchez
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Demetrius M. Newell,

*Appellant-Petitioner,*

v.

State of Indiana,

*Appellee-Respondent*

March 27, 2019

Court of Appeals Case No.
79A04-1702-PC-345

Appeal from the Tippecanoe
Superior Court

The Honorable Steven P. Meyer,
Judge

Trial Court Cause No.
79D02-1304-PC-8

**Baker, Judge.**

Demetrius Newell appeals the denial of his petition for post-conviction relief, arguing that the post-conviction court erroneously determined that Newell did not receive the ineffective assistance of trial counsel. Finding no error, we affirm.

## Facts

In June 2011, the State charged Newell with conspiracy to commit dealing in a narcotic drug; multiple counts of dealing in a narcotic drug; multiple counts of possession of a narcotic drug; dealing in a look-a-like substance; maintaining a common nuisance; and multiple counts of neglect of a dependent. The State later filed a notice of intent to seek a habitual offender enhancement.

On December 8, 2011, Newell and the State filed a plea agreement, pursuant to which Newell would plead guilty to Class A felony "Dealing in Cocaine"[1] and to Class C felony neglect of a dependent and would admit to being an habitual offender. Appellant's App. p. 21. The State agreed to dismiss all other charges. The plea agreement provided that Newell's sentence would include a portion to be executed in the Department of Correction (DOC) of at least twenty-six and no more than thirty-five years.

At the guilty plea hearing, the trial court specifically advised Newell about the charges to which he was pleading guilty, correctly noting that the Class A

---

[1] The plea agreement mistakenly stated that Newell would plead guilty to dealing in cocaine rather than conspiracy to commit dealing in a narcotic drug. Both offenses are Class A felonies.

felony charge was for conspiracy to commit dealing in a narcotic drug, and about the rights he was waiving by pleading guilty. Newell indicated that he understood and proceeded to cooperate with the trial court in establishing a factual basis for the charges. The trial court entered a guilty plea order that repeated the same error from the guilty plea agreement, mistakenly stating that Newell was pleading guilty to Class A felony dealing in cocaine and correctly stating that he was also pleading guilty to Class C felony neglect of a dependent and admitting to being an habitual offender. *Id.* at 22.

[5] At the January 4, 2012, sentencing hearing, the State informed the trial court that the plea agreement and the guilty plea order mistakenly stated that Newell was pleading guilty to Class A felony dealing in cocaine rather than Class A felony conspiracy to commit dealing in a narcotic drug. The parties agreed that this was a typographical error and the trial court indicated that the record would be corrected by a nunc pro tunc order. The trial court sentenced Newell to thirty years for the Class A felony, enhanced by twelve years for the habitual offender finding, and to six years for the Class C felony, for an aggregate term of forty-eight years imprisonment. Pursuant to the plea agreement, the trial court ordered that only thirty-five years of the sentence would be executed in the DOC. The nunc pro tunc order correcting the error was issued on January 10, 2012. *Id.* at 35.

[6] On April 3, 2013, Newell filed a petition for post-conviction relief, arguing that he had received the ineffective assistance of trial counsel and raising other free-

standing claims of error. The post-conviction court denied the petition, and Newell now appeals.

## Discussion and Decision

The general rules regarding the review of a ruling on a petition for post-conviction relief are well established:

> "The petitioner in a post-conviction proceeding bears the burden of establishing grounds for relief by a preponderance of the evidence." *Fisher v. State*, 810 N.E.2d 674, 679 (Ind. 2004). "When appealing from the denial of post-conviction relief, the petitioner stands in the position of one appealing from a negative judgment." *Id.* To prevail on appeal from the denial of post-conviction relief, a petitioner must show that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite that reached by the post-conviction court. *Weatherford v. State*, 619 N.E.2d 915, 917 (Ind. 1993). Further, the post-conviction court in this case made findings of fact and conclusions of law in accordance with Indiana Post-Conviction Rule 1(6). Although we do not defer to the post-conviction court's legal conclusions, "[a] post-conviction court's findings and judgment will be reversed only upon a showing of clear error—that which leaves us with a definite and firm conviction that a mistake has been made." *Ben-Yisrayl v. State*, 729 N.E.2d 102, 106 (Ind. 2000) (quotation omitted).

*Hollowell v. State*, 19 N.E.3d 263, 268-69 (Ind. 2014).

[8] Newell's central claim on appeal is that he received the ineffective assistance of trial counsel.[2] A claim of ineffective assistance of trial counsel requires a showing that: (1) counsel's performance was deficient by falling below an objective standard of reasonableness based on prevailing professional norms; and (2) counsel's performance prejudiced the defendant such that "'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Davidson v. State*, 763 N.E.2d 441, 444 (Ind. 2002) (quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). "A reasonable probability arises when there is a 'probability sufficient to undermine confidence in the outcome.'" *Grinstead v. State*, 845 N.E.2d 1027, 1031 (Ind. 2006) (quoting *Strickland*, 466 U.S. at 694). "Failure to satisfy either of the two prongs will cause the claim to fail." *Gulzar v. State*, 971 N.E.2d 1258, 1261 (Ind. Ct. App. 2012).

[9] Newell argues that trial counsel was ineffective for the following reasons: (1) trial counsel was ineffective for failing to notice the scrivener's error in the plea agreement and original guilty plea order; and (2) trial counsel was ineffective for failing to object to the sentence imposed by the trial court, which

---

[2] Newell also raises several freestanding claims of error, including: the trial court erred by sentencing Newell to a term exceeding thirty-five years; the trial court erred by failing to advise Newell of his rights at the guilty plea hearing; and the trial court erred by issuing a nunc pro tunc order correcting the scrivener's error in the text of the guilty plea agreement. These issues were all known and available during the time in which Newell could have pursued a direct appeal. He did not do so; therefore, these arguments are waived and are not available in a post-conviction proceeding. *Timberlake v. State*, 753 N.E.2d 591, 597-98 (Ind. 2001). As a result, we will not consider them.

Newell claims was beyond the sentence cap included in the guilty plea agreement.[3]

[10] First, with respect to the scrivener's error, at the guilty plea hearing, the trial court explicitly informed Newell of the specific conduct he was charged with as well as the actual (correct) charge itself. Moreover, when Newell admitted to the factual basis of the offense, he admitted to the specific facts underlying the charge of conspiracy to commit dealing in a narcotic drug. And at sentencing, Newell explicitly agreed that the references to cocaine, as opposed to heroin, in both the guilty plea agreement and the guilty plea order were merely typographical errors that could be corrected by a nunc pro tunc order. Under these circumstances, even if we were to give Newell the benefit of the doubt and conclude that trial counsel was ineffective for failing to notice the error, Newell has failed to show that he was prejudiced as a result. Therefore, the post-conviction court did not err by finding that Newell is not entitled to relief on this basis.

[11] Second, with respect to counsel's failure to object to the sentence imposed by the trial court, we note that the plea agreement provides as follows:

> The defendant shall receive the sentence this Court deems appropriate after hearing any evidence or argument of counsel. The sentence shall include a portion to be executed in the

---

[3] We agree with the State that Newell has largely failed to make cogent arguments and has wholly failed to cite to relevant legal authority. That said, we will endeavor to address Newell's central claims of ineffective assistance.

Department of Corrections [sic] of no less than twenty-six (26) and no more than thirty-five (35) years.

Appellant's App. p. 21. The trial court imposed an aggregate sentence of forty-eight years imprisonment but directed that only thirty-five of those years will be executed in the DOC. Therefore, the sentence complied with the guilty plea agreement, and trial counsel was not ineffective for failing to object.

[12] The judgment of the post-conviction court is affirmed.

May, J., and Robb, J., concur.